UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Magistrate No. 06-0453M-01 |
| LORENZO TURNER, | DAR |
| Defendant. | |

FILED

NOV 6 - 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

### I. INTRODUCTION

Defendant is charged by criminal complaint with unlawfully, knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary and detention hearing was conducted by the undersigned United States Magistrate Judge on October 25, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987);

United States v. Turner                                                                                               2

<u>United States v. Simpkins</u>, 826 F.2d 94, 98 (D.C. Cir. 1987); <u>United States v. Perry</u>, 788 F.2d 100, 113 (3d Cir.1986); <u>United States v. Sazenski</u>, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, it has the burden of establishing by a preponderance of the evidence that the Defendant will flee before trial if released. <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir.), <u>cert. denied</u>, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." <u>United States v. Westbrook</u>, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 <u>et seq.</u>, for which a maximum period of incarceration of ten years or more is prescribed.

### III. <u>DISCUSSION</u>

United States v. Turner                                                                                                  3

The government's sole witness was Detective Jacob Lipscomb of the Metropolitan Police Department. Detective Lipscomb testified that on October 19, 2006, a search warrant was executed at an apartment in the Southeast quadrant of Washington D.C. At the time the warrant was executed, officers observed Defendant jump from a window and run from them. Defendant furthered his effort to escape by jumping on a moving cargo train; when the train slowed because of the police activity, Defendant jumped off and ran into the nearby woods, where he was captured.

Detective Lipscomb testified that several documents containing the Defendant's name and the apartment's address linked him to the apartment. Detective Lipscomb stated that during the search of the apartment two loaded guns were found, a .380 caliber handgun and a sawed-off shotgun. Additionally, approximately 24 grams of a white powder substance and 46 grams of a white rock-like substance were found. Both substances field-tested positive for cocaine. Detective Lipscomb also testified that found in the apartment were four scales, four razor blades, multiple empty unused ziplock bags, and white residue on the scales that field-tested positive for cocaine.

Counsel for the government, in further support of the government's request for pretrial detention, proffered at the bench information relating to Defendant's history and characteristics. This information is contained in the Supplemental Memorandum of Findings of Fact And Statement of Reasons in Support of Order of Detention filed under seal.

In opposition to the government's request for pretrial detention, Defendant, through his counsel, proffered that Defendant had no criminal charges pending at the time of the arrest, and that he was not on any form of supervised release at the time.

United States v. Turner                                                                                                        4

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance;[1] additionally, the undersigned finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of a significant quantity of cocaine, and made an extraordinary effort to flee.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is that Defendant, at the time of the arrest, had a loaded .380 caliber handgun and a loaded sawed-off shotgun under his bed. In addition, the Defendant currently has a pending charge of sexual assault in the D.C. Superior Court that was not pending at the time of his arrest.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence compels the conclusion that Defendant is not amendable to community supervision and that the community would be endangered by his release.

---

[1] At the conclusion of the hearing, the court found that the presumption of fugitivity was rebutted by the proffer of Defendant that he did not having any charges pending, was not on supervised release, and had no history of not appearing for court dates. However, after further consideration, the court reaches the contrary finding upon consideration of the Defendant's extraordinary effort to flee at the time the search warrant was executed.

United States v. Turner                                                                                          5

The undersigned finds that Defendant's proffer of evidence is wholly insufficient to rebut either of the applicable presumptions. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

### V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 25, 2006 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

November 6, 2006
    DATE

October 25, 2006
    NUNC PRO TUNC